NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EAST COAST ADVANCED PLASTIC SURGERY, <br><br> Plaintiff, <br><br> v. <br><br> AMERIHEALTH, *Administrator*, PALISADES GENERAL CARE, INC., JOHN AND JANE DOE 1-10, ABC CORPS. 1-10, <br><br> Defendants. | Civil Action No: 17-8409-SDW-LDW <br><br> **OPINION** <br><br> March 9, 2018 |

**WIGENTON**, District Judge.

Before this Court are Plaintiff East Coast Advanced Plastic Surgery's ("Plaintiff") Motion to Remand pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1); and Defendant Palisades General Care, Inc.'s ("Palisades") Motion to Dismiss pursuant to Rule 12(b)(6). This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Plaintiff's Motion to Remand is **GRANTED** and Palisades' Motion to Dismiss is **DENIED** as moot.

**I. BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff is a private healthcare services provider located in Hoboken, New Jersey. (Compl. ¶ 1, ECF No. 1, Ex. B.) At all relevant times, Plaintiff was a "non-participating or out-of-network provider[]" that rendered pre-authorized medically necessary surgical services to patient "XF." (*Id.* ¶¶ 16-17, 20.) Patient XF received health benefits through her employer, Defendant Palisades,

1

whose claims are administered by Defendant AmeriHealth Administrators, Inc. ("AmeriHealth").[1] (*Id.* ¶¶ 2, 5, 9-11, 17.) The Complaint alleges that Plaintiff received pre-authorization from AmeriHealth prior to performing breast reconstruction surgeries on XF. (*Id.* ¶¶ 20, 24, 26.) Thereafter, XF underwent surgeries on July 10, 2013, July 22, 2013, and October 29, 2013. (*Id.* ¶¶ 21-26.) Plaintiff billed Defendants $172,332.00 for services rendered, of which Defendants have paid $6,876.07. (*Id.* ¶¶ 29-30.) Plaintiff alleges that Defendants' pre-authorization created an implied-in-fact contract to pay Plaintiff for XF's surgeries. (*Id.* ¶¶ 35-36; ECF No. 7-1 at 1.) Plaintiff further alleges that Defendants were aware that Plaintiff was a non-participating, out-of-network provider and at no time did Defendants disclose that "payments made for the procedures would be denied in full or paid far below the usual and customary rates for these services." (*Id.* ¶ 33.)

On August 28, 2017, Plaintiff filed suit against Defendants in the Superior Court of New Jersey, Law Division, Hudson County. (*See generally id.*) Plaintiff's four-count Complaint asserts claims for breach of contract, promissory estoppel, account stated, and fraudulent inducement. (*See generally id.*) The Complaint explicitly states that Plaintiff's claims arise under state law, and not under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"), or other federal law. (*See id.* ¶ 12.)

On October 16, 2017, Palisades filed a Notice of Removal ("Notice") to federal court pursuant to 28 U.S.C. §§ 1441, 1446. (Notice, ECF No. 1.) The Notice states that because Plaintiff's claims relate to a self-insured medical benefits plan governed by ERISA, Plaintiff's claims are "removable from state court to this Court pursuant to 28 U.S.C. § 1441 because this

---

[1] AmeriHealth was incorrectly identified by Plaintiff as Amerihealth Administrator. (ECF No. 5.)

2

Court has original jurisdiction under 28 U.S.C. § 1331." (*Id.* ¶¶ 8-10.) On October 23, 2017, Palisades moved to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, arguing that Plaintiff's claims are preempted by ERISA and/or insufficiently pled. (ECF No. 3-1.) Plaintiff moved to remand on November 3, 2017. (ECF No. 7.) After an extended briefing schedule, both motions were fully briefed as of February 5, 2018. (ECF Nos. 12-13, 15-18.)

## II. LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[2] A claim "arises under" federal law if "a well-pleaded complaint establishes that either federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983); *see also Caterpillar*, 482 U.S. at 392.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," a removed action must be remanded. 28 U.S.C. § 1447(c). Removal statutes are "strictly construed, with all doubts to be resolved in favor of remand." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009); *see also Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396, 403 (3d Cir. 2004). The removing party bears the burden of showing that removal is appropriate. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

---

[2] Defendants did not seek to remove on the basis of diversity jurisdiction. Instead, Defendants relied solely on the Court's original subject matter jurisdiction pursuant to 28 U.S.C. § 1331. (Notice ¶ 10.)

3

## III. DISCUSSION

### A. Complete Preemption Under ERISA § 502(a)

Generally, a plaintiff "may avoid federal jurisdiction" when the complaint exclusively relies on state law. *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 228 (3d Cir. 1995). In certain limited cases, however, federal question jurisdiction exists over state law claims where the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). One such limited circumstance exists if the action "falls within the narrow class of cases to which the doctrine of 'complete pre-emption' applies." *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004) (citing *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004)). "[C]omplete pre-emption recognizes 'that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Id.* (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)); *see also Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross Blue Shield*, Civ. No. 17-536 (KM)(MAH), 2017 WL 4011203, at *4 (D.N.J. Sept. 11, 2017).

"ERISA's civil enforcement mechanism, § 502(a), 'is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule, and permits removal.'" *N.J. Carpenters v. Tishman Constr. Corp.*, 760 F.3d 297, 303 (3d Cir. 2014) (quoting *Davila*, 542 U.S. at 209); *see also Garrick Cox MD LLC v. Cigna Healthcare*, Civ. No. 16-4611 (SDW)(LDW),

2016 WL 6877778, at *2 (D.N.J. Oct. 28, 2016), *R&R adopted*, 2016 WL 6877740 (D.N.J. Nov. 21, 2016) (remanding case to state court).

Under ERISA § 502(a), a claim is completely pre-empted and removable only if: "(1) the plaintiff could have brought the claim under § 502(a); *and* (2) no other independent legal duty supports the plaintiff's claim." *N.J. Carpenters*, 760 F.3d at 303 (citing *Pascack Valley Hosp.*, 388 F.3d at 400). Some decisions have "further disaggregated the first prong . . . into two inquiries: 1(a) Whether the plaintiff is the *type* of party that can bring a claim pursuant to Section 502(a)(1)(B), and 1(b) whether the *actual claim* that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to Section 502(a)(1)(B)." *Progressive*, 2017 WL 4011203 at *5. This two-part analysis, commonly referred to as the *Pascack* test, is "conjunctive, [and] a state-law cause of action is completely preempted only if both of its prongs are satisfied." *N.J. Carpenters*, 760 F.3d at 303 (internal citation omitted).

The first prong of the *Pascack* test requires this Court to determine not only whether Plaintiff has standing to bring a claim under § 502(a)(1)(B), but also whether Plaintiff's claim is a colorable claim for benefits. As to the first question, § 502(a) permits claims brought by a "participant" or "beneficiary."[3] 29 U.S.C. § 1132(a)(1)-(4). A "participant" is defined as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). A "beneficiary" is defined as "a person designated by a participant, or by the terms of an employee benefit plan,

---

[3] Although the statute allows claims by other entities such as the Secretary of Labor or individual States, those categories are inapplicable here. 29 U.S.C. § 1132(a)(1)-(11).

who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). Here, Plaintiff is neither a participant nor a beneficiary as defined by ERISA. Because Plaintiff is a third-party provider and does not attempt to assert the rights of XF, Plaintiff does not have standing to bring suit under § 502(a).

Even if Plaintiff had standing, its claims are not the type permissible under § 502(a). Section 502(a) allows a participant or beneficiary to sue "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Here, Plaintiff does not challenge the type, scope or provision of benefits under Palisades' healthcare plan. Rather, it only asserts its right as a third-party provider to be reimbursed for pre-authorized medical services it rendered to XF. Disputes over the amount of reimbursement are not preempted by ERISA. *See, e.g.*, *Pascack Valley Hosp.*, 388 F.3d at 403-04 (holding that ERISA does not preempt dispute regarding the amount of payment made to a provider); *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 177-78 (3d Cir. 2014) (noting that claims "seeking *coverage* under a benefit plan, and claims seeking *reimbursement* for coverage provided" are different and that the latter is not preempted by ERISA); *Emergency Physicians of St. Clare's v. United Health Care*, Civ. No. 14-404 (ES)(MAH), 2014 WL 7404563, at *5 (D.N.J. Dec. 29, 2014) (holding that ERISA does not "preempt claims over the *amount* of coverage provided, which includes disputes over reimbursement"). Because Plaintiff does not have standing to bring a claim under § 502(a), this Court need not reach the second prong of the *Pascack* test.[4]

---

[4] This Court notes, however, that Plaintiff's claims appear to be supported by legal duties independent of ERISA. "[A] legal duty is 'independent' if it is not based on an obligation under an ERISA plan, or if it 'would exist whether or not an ERISA plan existed.'" *N.J. Carpenters*, 760 F.3d at 303 (citing *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 950 (9th Cir. 2009). "In other words, if the state law claim is not 'derived from, or conditioned upon'

## B. Express Preemption Under ERISA § 514(a)

Here, in opposition to Plaintiff's Motion to Remand, AmeriHealth argues that Plaintiff's claims are expressly preempted by § 514, 29 U.S.C. § 1144(a), because any determination as to Plaintiff's right to reimbursement of costs can only be made by referencing the terms of the plan, which is governed by ERISA.[5] (ECF No. 12 at 1 n.2, 3-4.) "Express preemption under Section 514(a) of ERISA . . . provides that '[e]xcept as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may not or here after relate to any employee benefit plan.'" *Wayne Surgical Ctr., LLC v. Concentra Preferred Sys.*, No. 06-928, 2007 WL 2416428, at * 6 (D.N.J. Aug. 20, 2007) (quoting 29 U.S.C. § 1144(a)). However, "[t]he finding of preemption under Section 514(a) . . . does not serve as an independent basis for subject matter jurisdiction." *Id.* at * 7 (citing *Dukes v. U.S. Healthcare*, 57 F.3d 350, 355 (3d Cir. 1995) ("When the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption. It lacks power to do anything other than remand to the state court where the preemption issue can be addressed and resolved.").

---

the terms of an ERISA plan, and '[n]obody needs to interpret the plan to determine whether that duty exists,' then the duty is independent." *Id.* (citing *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 614 (6th Cir. 2013)). Plaintiff claims that Defendants' pre-authorization of the services rendered provided Plaintiff with independent assurances regarding payment for services it provided. (ECF No. 7-1 at 9-10.) Thus, at this stage of the litigation, Plaintiff has alleged legal duties distinct from an ERISA plan. *See, e.g.*, *Garrick Cox*, 2016 WL 6877778, at *4.

[5] AmeriHealth's reliance on *Levine v. United Healthcare Corp.*, 402 F.3d 156 (3d Cir. 2005), *cert. denied*, 546 U.S. 1054 (2005) and *Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004) to support its proposition is misplaced given that, in those cases, the insureds brought suits related to benefits and coverage under *their* respective ERISA plans. *Levine*, 402 F.3d at 162-64; *Davila*, 542 U.S. at 211-12, 221. Thus, those holdings are inapplicable to the facts in this case. Here, Plaintiff is not insured under an ERISA plan; nor does it seek to recover benefits due. Instead, Plaintiff seeks reimbursement from Defendants for pre-authorized medical services it rendered.

Because Plaintiff's claims are not preempted under § 502(a), this Court does not have subject matter jurisdiction over this action. As a result, remand is appropriate.[6]

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is **GRANTED** and Defendants' Motion to Dismiss is **DENIED** as moot. An appropriate order follows.

          /s/ Susan D. Wigenton
          **SUSAN D. WIGENTON, U.S.D.J.**

Orig:       Clerk
cc:         Leda D. Wettre, U.S.M.J.
              Parties

---

[6] This Court takes no position as to the merit of Plaintiff's claims.